## CICARDI et al., Respondents, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, November 29, 1904.

**CONTRIBUTORY NEGLIGENCE: Street Railways: Driving on Track Without Looking.** Where the driver of a vehicle, without any effort to ascertain if a car was approaching, turned his team upon a street railway track to go around an obstructing wagon, close to an approaching car, he was guilty of negligence which directly contributed to the injuries resulting from a collision with the car, and could not recover.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster*, Judge.

REVERSED.

*Boyle, Priest & Lehmann, George W. Easley* and *G. B. Arnold* for appellant.

The court erred in refusing defendant's instruction in the nature of a demurrer, asked at the close of the plaintiff's evidence. (a) Where in an action based upon the negligence of the defendant there is no evidence tending to establish negligence, it is the duty of the court to direct a verdict for the defendant. Pueschell v. Iron Works, 79 Mo. App. 459. (b) Where one drives incautiously upon a street railway track without taking care to look and listen to ascertain whether a car is approaching, such negligence will preclude a recovery for injuries sustained by a collision with cars running on the same track. Grocery Co. v. Railroad, 89 Mo. App. 534.

*William A. Kinnerk* and *John A. Gernez* for respondents.

REYBURN, J.—Plaintiffs brought this action before a justice of the peace for recovery of damages con-

sequent upon a team and wagon owned by them being struck from the rear by a car of defendant. The plaintiffs appealed to the circuit court from a judgment in favor of defendant, filing in the latter court an amended complaint which assigns as specification of negligence imputed to defendant, the failure of its servants and agents to comply with the ordinance of the city of St. Louis, familiarly known as the vigilant watch ordinance. A trial before a jury in the circuit court terminated in a verdict for plaintiffs and defendant has perfected its appeal hereto.

The facts exhibited by the testimony were that at about three o'clock in the afternoon of April 9, 1903, plaintiffs' wagon, drawn by three horses and loaded with potatoes to be delivered to the city poorhouse, was proceeding southwestwardly on the Old Manchester road, a public highway. The wagon had been moving in the middle of the roadway till obstructed by another wagon, in endeavoring to pass which vehicle, plaintiffs' driver drove his wagon within eight inches of the street railway track upon which a car of defendant moving rapidly in the same direction, drew up alongside with rapid speed without touching the rear end or hub of the wagon, then three feet away, but struck the front hub, throwing the wagon around and striking also the rear of the near horse, killing the animal, but passing by without further injury and running a considerable distance before it was checked and stopped.

The driver testified that he did not look back for a car just before he started toward the track as he was watching the lead horse of his team and the wagon, and when he did look around, the car was close at hand, about a half-car length distant, and the force of the collision pushed the front part of the wagon about a quarter of a foot out of place. A driver of another wagon of plaintiffs, described as located no more than seventy-five feet in the rear of the injured wagon, testified that there was a painter's wagon in the gutter

and the driver of the three-horse team went to pull out and pull into the track but the wheel was not on the track when the car hit the hub. A prospective passenger awaiting an east-bound car also described the occurrence and pictured the car as moving at a high rate of speed, but from the testimony, particularly of plaintiffs' two drivers, no proof is made apparent of any violation by defendant's servants in charge of the colliding car of the provisions of the so-called vigilant watch ordinance, which plaintiffs offered in evidence and upon which their complaint was based; on the contrary, it is manifest that the wagon and team were not in the path of the car at a safe distance from the car track until the moving car was in close proximity in the rear, when the driver without looking back turned his team to avoid the wagon standing on the same side of the street and brought the front wheel within the range of the passing car, causing the collision with the hub and the car to strike and kill the horse. The statements of the witnesses conclusively establish that the driver proceeded incautiously without any effort on his part to ascertain if a car was approaching on the same track from which he had shortly prior repeatedly turned out to avoid travelling cars, and no evidence was offered of any actionable negligence in the respect charged on part of defendant's employees, or any want of vigilance or care in their conduct or that any opportunity was afforded them to stop the colliding car in time to avert the catastrophe. The conclusion is irresistible that the negligence of plaintiffs' own driver was the proximate cause of the disaster and for the consequent damages the defendant was not legally responsible to plaintiffs, and the jury should have been directed to return a verdict accordingly.

The judgment is reversed. All concur.